UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ALBERT NUZZI, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:09 CV 116 |
|  | ) |  |
| COACHMEN INDUSTRIES, INC., | ) |  |
| *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

I.     BACKGROUND[1]

Plaintiff began working for defendants Coachmen Industries, Inc., Coachmen Recreational Vehicle, LLC, and Consolidated Leisure Industries, LLC, all of which are related business entities, in March of 2004. (DE # 1 at 2.) In the Spring of 2005, defendants adopted the "ACCORD program," a euphemism for their Employee Dispute Resolution program. (DE # 14 at 2.) This program required all employees to submit any future legal disputes they might have with defendants – with a few specific exceptions – to an arbitrator, who would make a binding decision on the matter. (DE # 14-3 at 1-2.) Accordingly, by agreeing to or accepting the program, defendants' employees gave up their rights to bring a lawsuit against defendants for nearly any employment-related issue. (*Id.*)

---

[1] The facts of this case were presented in detail in the court's November 16, 2009, order compelling the parties to submit their claim to arbitration. (DE # 27.) Only the facts pertinent to the present motions are repeated here.

From December of 2007 to February of 2008, plaintiff took leave under the Family and Medical Leave Act ("FMLA") in order to receive treatment for neurological clots that resulted in partial left arm paralysis and a speech impediment. (DE # 1 at 2-3.) In early October of 2008, plaintiff was approached by Coachman's Vice President, Les Thimlar, about the company's recent termination of George Radanovich, another employee who reported directly to plaintiff and who had filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against the company. (*Id.* at 3.) In investigating the claim, Thimlar suggested that Radanovich had been selected by plaintiff for termination for performance reasons, but plaintiff denied these statements. (*Id.*) Thimlar told plaintiff that he should reconsider his answers to Thimlar's inquiry and that he was expected to be a company man. (*Id.* at 4.) On October 28, 2008, while on intermittent FMLA leave, defendants terminated plaintiff for missing work. (*Id.* at 3-4.)

Plaintiff then brought this action, claiming that he was terminated because of his age and his taking of FMLA leave. (*Id.* at 4-5.) Defendants moved to dismiss and compel arbitration, arguing that plaintiff's claims were subject to binding arbitration. (DE ## 13-14.) The court granted the motion on November 16, 2009, and ordered the parties to submit to arbitration. (DE # 27.)

The parties did so. During arbitration, plaintiff dropped his FMLA claim, but proceeded on his employment discrimination claim. After arbitration proceedings had concluded but before the arbitrator issued his decision, plaintiff filed a motion to reopen

this case due to defendants' failure to pay the arbitrator's fee. (DE # 29.) Defendants paid the fee, and the arbitrator issued his decision granting summary judgment to defendants on December 8, 2011. (DE # 34-2.)

Plaintiff moved to vacate the arbitration decision. (DE # 32.) Defendants then moved for sanctions against plaintiff for filing a motion to vacate the arbitration decision, arguing that the motion to vacate was frivolous, unsupported by law, and needlessly increased the cost of litigation. (DE # 36.)

Meanwhile, Coachmen Recreational Vehicle, LLC, and Consolidated Leisure Industries, LLC, filed for bankruptcy protection. (DE # 39.) Plaintiff then filed a response to defendants' notice of bankruptcy proceedings, asking the court to proceed in this case against Coachmen Industries, Inc., which had not filed for bankruptcy protection. (DE # 40.) As of October 19, 2012, the bankruptcy proceedings were still ongoing. (DE # 43.)

The court addresses defendants' notice of bankruptcy proceedings, plaintiff's motion to reopen this case, plaintiff's motion to vacate the arbitration decision, and defendants' motion for sanctions in turn below.

## II. DISCUSSION

### A. Defendants' Notice of Bankruptcy Proceedings

First, the court will address the impact of bankruptcy proceedings on this case. On April 24, 2012, defendants informed the court that defendants Coachmen Recreational Vehicle, LLC, and Consolidated Leisure Industries, LLC, had filed for

Chapter 7 bankruptcy protection. (DE # 39.) As a result, this case was automatically stayed against those two entities. 11 U.S.C. § 362. Plaintiff filed a "response" to this notice, asking the court to enforce the stay only as to those parties and not as to their parent company, Coachman Industries, Inc. (DE # 40.)

The automatic stay is a powerful tool of the bankruptcy courts. *Fox Valley Constr. Workers Fringe Ben. Funds v. Pride of Fox Masonry and Expert Restorations,* 140 F.3d 661, 666 (7th Cir. 1998). Upon the filing of a bankruptcy petition, the stay automatically stops any other proceedings against the debtor. *Id.* The purpose of this stay is to protect the debtor from an uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts and to preclude one creditor from pursuing a remedy to the disadvantage of other creditors. *Id.*

The stay, however, protects only the debtor, not any other entities. *Id.*; *cf. In re Winter,* 158 B.R. 736, 743 (N.D. Ill. 1973) (debtor's presence in a bankruptcy suit cannot block actions implicating nondebtor subsidiary); *Funding Systems Railcars, Inc. v. Pullman Standard Inc.,* 34 B.R. 706, 709 (N.D. Ill. 1983) (same). The court cannot enforce a stay against a non-debtor corporate entity unless it is demonstrated that the debtor is merely its "alter ego," *Funding Systs.,* 34 B.R. at 709, or that the debtor possesses such a similarity of interests to the non-debtor that a failure to protect the non-debtor will mean that the assets of the debtor itself will fall into jeopardy. *Fox Valley,* 140 F.3d at 666. No such showings have been made here. Accordingly, this case will proceed against Coachman Industries, Inc.

**B.     Plaintiff's Motion to Reopen Case**

On November 21, 2011, plaintiff filed a "Motion to Reopen Case," arguing that because defendants did not pay the arbitrator's fee, the opinion and award were never issued and the court should re-assume jurisdiction over the case. (DE # 29.) Defendants responded, stating that on December 5, 2011, they paid the balance due to the arbitrator and that on December 8, 2011, the arbitrator issued an opinion resolving the case in defendants' favor. (DE # 31.) Because defendants have paid the arbitrator and the arbitrator subsequently issued an opinion resolving the case, plaintiff's motion to reopen this case is denied as moot.

**C.     Plaintiff's Motion to Vacate Arbitration Decision**

Plaintiff has also moved to vacate the arbitrator's final decision in favor of defendants. (DE # 32.) Plaintiff essentially advances two arguments in support of his motion. Plaintiff's first argument is that it is unfair to allow summary judgment procedures in the arbitration context because there are no procedural remedies available once summary judgment is granted. Specifically, plaintiff argues that he is unable to seek *de novo* review of the summary judgment on appeal in the same way that litigants in the judicial setting are able to. As plaintiff puts it, "[a]rbitration eliminated [plaintiff's] procedural appellate remedy of *de novo* review." (DE # 33-1 at 3.)

Plaintiff's statements are, to some extent, true. Judicial review of arbitration decisions is extremely limited. *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008). However, this is the result of agreeing to arbitration and foregoing

5

judicial options. As this court already held in its order dated November 16, 2009, plaintiff entered into a valid and enforceable agreement to opt out of the judicial forum and to resolve his employment disputes with defendants by final and binding arbitration. (DE # 27.) The fact that plaintiff is now unhappy with the differences between arbitration and the judicial forum is of no consequence.

Plaintiff also argues that the arbitrator disregarded established law governing retaliatory age discrimination and failed to allow reasonable inferences in the plaintiff's favor when he decided defendants' summary judgment motion during arbitration proceedings. Plaintiff argues that this disregard for the law justifies judicial review of the arbitration decision.

The Seventh Circuit has repeatedly held that courts are not to review arbitral awards for legal or factual error. *Prostyakov v. Masco Corp.,* 513 F.3d 716, 723 (7th Cir. 2008); *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 269 (7th Cir. 2006); *George Watts & Sons, Inc. v. Tiffany & Co.,* 248 F.3d 577, 579 (7th Cir. 2001); *Baravati v. Josephthal, Lyon & Ross, Inc.,* 28 F.3d 704, 706 (7th Cir. 1994). The Seventh Circuit has only permitted review of arbitration awards in the event of the arbitrator's "manifest disregard of the law." *Hamlin,* 516 F.3d at 563. However, this exception encompasses only two scenarios: (1) an order requiring the parties to violate the law; or (2) an order that does not adhere to the legal principles specified by the contract. *Id.*

Neither of these scenarios is implicated in this case. The arbitrator held that summary judgment was appropriate for the defendants because, in his view, plaintiff

did not engage in a statutorily protected activity and because plaintiff was not meeting defendants' legitimate work expectations. (DE # 34-2 at 12-17.) The arbitrator's decision did not require the parties to violate the law, nor did it fail to adhere to any principles specified by the contract. What plaintiff really wants is for this court to review what he believes are legal and factual errors in the arbitrator's decision – something this court is not permitted to do. *Prostyakov,* 513 F.3d at 723. Accordingly, plaintiff's "manifest disregard for the law" argument fails.

Because plaintiff has presented no valid justification for judicial review of the arbitrator's decision to grant summary judgment to defendants, his motion to vacate the arbitrator's decision is denied.

D.    **Defendants' Motion for Sanctions**

After plaintiff moved to vacate the arbitration decision, defendants moved for sanctions against plaintiff, arguing that the motion to vacate was frivolous, was unsupported by law, and needlessly increased the cost of litigation. (DE # 36.) RULE 11 of the FEDERAL RULES OF CIVIL PROCEDURE permits a district court to impose sanctions on any party that files documents with the court for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, FED. R. CIV. P. 11(b)(1), or presents legal contentions that are unwarranted under existing law or are based on frivolous arguments, FED. R. CIV. P. 11(b)(2).

However, under RULE 11(c)(2), a party seeking sanctions must serve the motion for sanctions upon the other party 21 days prior to filing the motion with the court. If

7

the non-moving party withdraws or appropriately corrects the challenged document within the 21-day period, the moving party may not file the motion. FED. R. CIV. P. 11(c)(2). In this case, there is no indication on the record that defendants complied with RULE 11(c)(2). In fact, defendants' compliance with RULE 11(c)(2) in this case is a mathematical impossibility. Plaintiff filed his motion to vacate on February 22, 2012. Defendants filed their motion for sanctions, which was based on the allegedly frivolous, legally unsupported motion to vacate, on March 8, 2012, only 15 days later. Accordingly, the court strikes defendants' motion for sanctions for failure to comply with the notice and 21-day waiting period provisions of RULE 11(c)(2). *See Johnson v. Waddell & Reed, Inc.,* 74 F.3d 147, 151 (7th Cir. 1996) (motion for sanctions filed without meeting RULE 11 notice requirements is effectively not a motion at all).

## III. CONCLUSION

For the foregoing reasons, the court finds that defendants' notice of automatic stay due to bankruptcy (DE # 39) applies to defendants Coachmen Recreational Vehicle, LLC, and Consolidated Leisure Industries, LLC, only. As between plaintiff and defendant Coachmen Industries, Inc.: plaintiff's "Motion to Reopen Case" (DE # 29) is **DENIED as moot;** plaintiff's "Motion for Hearing and Status Conference" (DE # 41) is **DENIED as moot;** plaintiff's "Motion to Vacate Arbitration Summary Judgment Final Decision" (DE # 32) is **DENIED;** and defendants' "Motion for Sanctions" (DE # 36) is **STRICKEN.**

This case, as between plaintiff and defendants Coachmen Recreational Vehicle, LLC, and Consolidated Leisure Industries, LLC, remains stayed due to ongoing bankruptcy proceedings involving those two defendants. Upon the conclusion of the bankruptcy proceedings, defendants are to report the outcome to this court as it relates to plaintiff's claims against them, with appropriate documentation. Until that time, the court **WITHHOLDS** entry of final judgment.

                              **SO ORDERED.**

Date: October 26, 2012

                              s/James T. Moody_____
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT